

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | § | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 6:15-CR-00015 |
| | § | |
| **ALEXANDRA DANELLE CALLAHAN** | § | |
| | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Alexandra Danelle Callahan, violated conditions of supervised release imposed by United States District Michael H. Schneider. The United States Probation Office filed its *Petition for Warrant or Summons of Offender Under Supervision* (doc. #139) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on June 15, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of her

supervised release. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

Alexandra Danelle Callahan was sentenced on December 2, 2015, before The Honorable Michael H. Schneider of the Easter District of Texas after pleading guilty to the offense of Misprision of a Felony, a Class E Felony. This offence carried a statutory maximum imprisonment term of three years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of II, was 18 to 24 months. Alexandra Danelle Callahan was subsequently sentenced to 12 months and 1 day imprisonment to be followed by a 1 year term of supervised release, subject to the standard conditions of release, plus special conditions to include disclosure for monitoring employment; drug abuse treatment and testing; mental health treatment; educational requirement and a $100 special assessment. It was the Court's intent for the defendant to receive credit for time from date of arrest of October 27, 2014, on related State charges. On March 9, 2016, Alexandra Danelle Callahan completed her period

of imprisonment and began service of the supervision term.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.*

Specifically, on May 4, 2016, Alexandra Danelle Callahan was verbally instructed to report to the U.S. Probation Office. She failed to report.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered evidence establishing that as part of her supervision term, Alexandra Danelle Callahan was released on supervision and instructed regarding the conditions of her supervision, including answering truthfully all inquiries of the probation officer and following the instructions of the probation officer. The Government would offer the testimony of a United States Probation Officer. She would testify that Alexandra Danelle Callahan was instructed to report to the U.S. Probation Office on May 4, 2016, but Callahan failed to report as instructed.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of her supervised release by not following the instructions of her probation officer.

If the Court finds that Alexandra Danelle Callahan violated her supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a).

Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of IV and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 4 to 10 months. *See* U.S.S.G. § 7B1.4(a). Because the applicable offense of conviction in this case was a Class E felony, the statutory maximum imprisonment term upon revocation is one year. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant did not report to the U.S. Probation Office in violation of her supervision conditions. Ms. Callahan voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived her right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak* at Sentencing.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and

---

[1] See U.S. Sentencing Guidelines Manual, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

the evidence presented in this case, the undersigned United States Magistrate Judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **six (6) months** imprisonment for the revocation, with no additional term of supervision to follow upon her release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge of proposed findings and recommendations, see *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 16th day of June, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE